UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TERRICA COLEMAN,**

    **Plaintiff,**

vs.                                                                                         **CASE NO:**

**FLORIDA AGRICULTURAL
AND MECHANICAL
UNIVERSITY,**

    **Defendant.**
_____/

## COMPLAINT

COMES NOW, the Plaintiff, **TERRICA COLEMAN**, who, by and through her undersigned counsel(s), hereby sues the Defendant, Florida Agricultural and Mechanical University, and would further allege as follows:

### JURISDICTIONAL ALLEGATIONS:

1. This is an action for damages in excess of Fifteen-Thousand ($75,000.00) Dollars, exclusive of attorney's fees and costs, brought under the the Family and Medical Leave Act (codified as Title 29 of the United States Code, §2601, *et.seq.*).

2. At all times material to the instant Complaint, the Plaintiff, Terrica Coleman (hereinafter to be referred to as "Ms. Coleman" or Plaintiff), was an employee of the Defendant, Florida Agricultural and Mechanical University (hereinafter to be referred to as "Ms. Coleman"). Accordingly, the Plaintiff is *sui juris*.

3. At all times material to the instant Complaint, the Defendant, FAMU, has been a

Public university within the State of Florida's university system and, as such, is a political subdivision of the State of Florida, existing and/or operating in Tallahassee, Leon County, Florida. Accordingly, the Defendant, FAMU, is *sui juris*.

4. All conditions precedent to the initiation and/or maintenance of the instant lawsuit have been satisfied and/or, otherwise, waived by the enumerated Defendant.

## GENERAL ALLEGATIONS:

5. The Plaintiff, Ms. Coleman, was previously employed by the Defendant, FAMU, in the capacity of Assistant Controller over Accounts Payable and Travel from January of 2019 through August of 2020.

6. In or about August of 2020, the Plaintiff, Ms. Coleman, had requested time off from work with the Defendant, FAMU, in order to take care of her mother who, at the time, was laboring under a serious illness.

7. The Plaintiff, Ms. Coleman, sought—and received—approval of her requested Family and Medical Leave request for time off from the Defendant's, FAMU's, Department of Human Resources.

8. Following the approval of the Plaintiff's, Ms. Coleman's, request for FMLA-based leave, the Defendant's, FAMU's, Department of Human Resources forwarded the pertinent leave approval form to the Plaintiff's, Ms. Coleman's, direct supervisor, Ms. Tonya Jackson for execution.[1]

9. For a period of approximately two (2) weeks following the conveyance of the aforementioned FMLA approval form, the Plaintiff's, Ms. Coleman's, direct supervisor, Ms. Tonya Jackson, refused/failed to sign the approval form, or even so much as acknowledge the

---

[1] Worthy of note herein is the fact that after the leave request at issue had been previously approved by Human Resources, the act of physically signing the approval from was merely ministerial in character and/or function.

2

receipt of the same.

10. Thereafter, after the elapse of approximately two (2) weeks, the Plaintiff, Ms. Coleman, was terminated at the direction of her supervisor, Ms. Tonya Jackson.

11. Prior to the Plaintiff's, Ms. Coleman's, termination form the employ of the Defendant, FAMU, the Plaintiff had an exemplary employment record with the same with no discipline or any other indication as to the prospect of imminent termination therein.

12. As a direct and/or proximate result of the Defendant's, FAMU's, termination of the Plaintiff, Ms. Coleman, said Plaintiff has sustained damages. Said injuries are continuing and will not abate in the future.

## COUNT I—VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT FMLA INTERFERENCE AND RETALIATION (Codified as Title 29 of the United States Code, Section 2601, *et.seq.*)

13. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Twelve (12), as if set forth in their entirety herein.

14. This is an action against the Defendant, FAMU, which arises under the Family and Medical Leave Act ("FMLA") (codified as Title 29 of the United States Code, Section 2601, *et.seq.*).

15. The Plaintiff was an "eligible employee" within the meaning of the FMLA at all times material to the instant Complaint.

16. The Defendant, FAMU, was an "employer" within the meaning of the FMLA at all times material to the instant Complaint.

17. The Defendant, FAMU, was engaged in activity affecting commerce and employed more than fifty (50) employees for each working day during each of the twenty (20) or more calendar weeks in each calendar year relevant hereto.

3

18. The Plaintiff, Ms. Coleman, was eligible for and, indeed, received authorization to take FMLA-related leave from the Defendant, FAMU.

19. The FMLA provides employees with the right to be reinstated to his/her prior position or to an equivalent position with substantially similar work and compensation upon the employee's return to work.

20. In this instance, the Defendant, FAMU, violated the FMLA by failing to return the Plaintiff, Ms. Coleman, to her previous position with the same, as well as by, ultimately, terminating her in relation to her availment of FMLA leave.

21. As a direct and/or proximate result of the Defendant's, FAMU'S, interference with and/or retaliation for the Plaintiff's, Ms. Coleman's, use of FMLA leave, the Plaintiff, Ms. Coleman, has sustained damages. Said injuries are continuing and will not abate in the future.

**WHEREFORE**, the Plaintiff, **TERRICA COLEMAN**, demands judgment against the Defendant, Florida Agricultural and Mechanical University, for compensatory damages, statutory damages, liquidated damages, attorney's fees, and taxable costs, as well as the provision of any such other relief as this Court should deem equitable and just.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

/s/ Patrick R. Frank
Patrick R. Frank [FBN 0642770]
Keisha D. Rice [FBN 13888]
**FRANK & RICE, P.A.**
325 East Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

**ATTORNEYS FOR PLAINTIFF**